The opinion of the Court was delivered by
Mr. justice Johnson.
There can be no question that parol evidencé is admissible to establish any fact, except when " * written evidence is expressly required by law; such, for instance, as the cases within the statute of frauds. Is there, then, any law requiring that a Sheriff shall adduce written evidence of the payment over of moneys received by him to the person entitled to receive it? It surely does not fall within any of the provisions of the statute frauds; and there is no law in existence that comes within my knowledge, which does require it, although it is desirable that a Sheriff, particularly for his own security, should be furnished with more lasting evidence of transactions so important to himself, than the frail and perishable materials which constitute parol proof;, but I am wholly unable to distinguish this ease from that which eyery day occurs, and is admitted, of proving by parol the discharge or payment of debts.
If I understand the report of this case correctly, the opinion of the presiding Judge was infla *90 enced by a supposition that there was a combiJ rr nation between the defendant and Holman to prevent the proceeds oí this execution irom tailing into the hands of the ward of the latter, and that the dispute was not between Holman and the defendant, but between the defendant and the ward, who had come of age. I am not prepared to say that the Court would not be justified, under very peculiar circumstances, in laying hold of the money while in the hands of the Sheriff; but if he had once paid it over to the guardian, or to his order, as in this case, there can be no question that he would be justified: while he was the guardian, he alone was entitled to receive it. At any rate, I think the evidence offered ought to have been admitted, and it is time enough to decide what influence it ought to have, when it comes regularly before the Court.
I am of opinion that the verdict ought to be set aside, and a new trial granted.
Golcocky Nott, and Chevesf J. concurred.